# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MAGLULA, LTD.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HANGZHOU GOODTOOLS CO., LTD., *et al.*,<br><br>　　　　　Defendants. | 2:18-cv-00842-GMN-VCF<br><br>**ORDER AND REPORT AND RECOMMENDATION**<br><br>MOTION FOR DEFAULT JUDGMENT [ECF NO. 12];<br>MOTION TO SEAL [ECF NO. 13] |

Before the Court are Plaintiff Maglula's Motion for Default Judgement (ECF No. 12) and Motion for Leave to File Document Under Seal ( ECF No. 13). For the reasons discussed below, Plaintiff's motion to seal is granted and its motion for default judgment should be denied without prejudice.

## BACKGROUND

On May 10, 2018, Maglula filed a complaint for patent infringement against Hangzhou Goodtools ("GDT") and Anthony Lee, the Sales Manager and/or Overseas Manager for GDT. (ECF No. 1 at 1-2). According to the complaint, GDT is a company organized under the laws of and having a principal place of business in China. (*Id.* at 2). On May 17, 2018, Maglula personally served Lee with summons in Nevada, both for himself and on behalf of GDT. (ECF Nos. 8, 9).

Neither GDT nor Lee has appeared in this action. On August 24, 2018, Maglula filed a motion for entry of Clerk's default against GDT and Lee (ECF No. 10), and default was entered August 27, 2018 (ECF No. 11). Maglula now moves for default judgement against GDT and Lee. (ECF No. 12). GDT also "moves the Court for an order sealing portions of the Declaration of Guy Tal in Support of Motion for

1

Default Judgment ("Tal Declaration") and of the exhibits attached to that declaration." (ECF No. 13 at 1).

## MOTION TO SEAL

"'[C]ompelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). "[P]ersonal identifying information of third parties with a need for privacy…is sealable." *Romero v. Cty. of Santa Clara*, No. 11-CV-04812-WHO, 2014 WL 12641990, at *2 (N.D. Cal. June 17, 2014) (citing *Foltz*, 331 F.3d at 1137.

"Maglula seeks to seal only limited portions of the [Tal] declaration and the exhibits to that declaration that refer to the names and email addresses of customers who contacted Maglula." (ECF No. 13 at 3). Protecting this private information is a compelling reason to seal portions of the Tal Declaration and Exhibits. Therefore, ECF No. 15 will remain under seal. However, Maglula must file a version of ECF No. 15 not under seal with the private information redacted. Maglula will have until February 13, 2019 to file a redacted version of ECF No. 15.

## MOTION FOR DEFAULT JUDGMENT

Before considering whether default judgment should be entered, the court has an affirmative duty to ensure that it has personal jurisdiction over the defaulted defendants. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A judgment without jurisdiction is void. *Id.*

In the complaint and motion for default judgment, Maglula asserts that the Court has personal jurisdiction over both GDT and Lee based on the personal, in-state service of summons on Lee. (ECF No. 1 at 3; ECF No. 12 at 8-9; *see also* Fed. R. Civ. P. 4(e)(2)(a)). However, "jurisdiction arising from personal service on a physically present defendant, also known as 'tag' jurisdiction, 'does not apply to corporations.'" *AM Tr. v. UBS AG*, 681 F. App'x 587, 589 (9th Cir. 2017) (quoting *Martinez v. Aero*

*Caribbean*, 764 F.3d 1062, 1064 (9th Cir. 2014)); *see also Alley Cat, Inc. v. Duncan*, No. 2:16-cv-02745-JAD-CWH, 2017 WL 4349215, at *3 n.30 (D. Nev. Sept. 28, 2017).

Maglula has failed to demonstrate that the Court has personal jurisdiction over GDT in this case. Though the Court does appear to have personal jurisdiction over Lee, in "[t]he leading case on the subject of default judgments in actions involving multiple defendants," the Court held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). This rule can be extended "to apply to defendants who are similarly situated, even if not jointly and severally liable." *Id.*; *see also* 10A Wright Miller, Federal Practice and Procedure: Civil § 2690 (4th ed. 2018).

Maglula's motion for default judgment should be dismissed without prejudice. This will provide Maglula the opportunity to either (1) demonstrate that the Court has personal jurisdiction over GDT or (2) discuss entering default judgment solely against Lee.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Maglula's Motion for Leave to File Document Under Seal ( ECF No. 13) is GRANTED. ECF No. 15 will remain under seal and Maglula will have until February 13, 2019 to file a redacted version of ECF No. 15 not under seal.

IT IS RECOMMENDED that Maglula's Motion for Default Judgement (ECF No. 12) be DENIED WITHOUT PREJUDICE.

DATED this 4th day of February, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE