**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MAGLULA, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> HANGZHOU GOODTOOLS CO., LTD., *et al.*, <br><br> Defendants. | Case No. 2:18-cv-00842-GMN-VCF <br><br> **REPORT AND RECOMMENDATION AND ORDER** <br><br> Renewed Motion for Default Judgment [ECF No. 19] |

Before the Court is Plaintiff Maglula's Renewed Motion for Default Judgment.[1] (ECF No. 19). The Court recommends that Plaintiff's motion be granted in part and denied in part.

**BACKGROUND**

Plaintiff brings this action against Defendant Anthony Lee for patent infringement under 35 U.S.C. § 101 *et seq*. (ECF No. 19 at 1). Plaintiff alleges Lee has wrongfully offered for sale, marketed, distributed, and sold counterfeit magazine loaders that are "virtually identical" to Maglula's patented universal loader (the "UpLULA"). (*Id.* at 5). Plaintiff claims these sales damaged its goodwill and reputation and caused financial harm. (*Id.* at 11).

---

[1] Plaintiff's previous motion for default judgment was denied without prejudice for failing to demonstrate the Court's personal jurisdiction over Defendant Hangzhou Goodtools Co., Ltd ("GTD"). (ECF 12; ECF 16 at 3). Plaintiff voluntarily dismissed all claims against GTD under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and renewed the motion for default judgment against defendant Lee on March 25, 2019. (ECF No. 18; ECF No. 19).

Plaintiff filed a complaint on May 10, 2018 against Defendant Lee for patent infringement. (ECF No. 1). Defendant Lee was served personally by hand in the State of Nevada. (ECF No. 8). On August 27, 2018, the Clerk of this Court entered the default of Defendant Lee for failure to answer, plead, or otherwise defend Plaintiff's complaint. (ECF No. 11).

Plaintiff now seeks default judgment against Defendant Lee consisting of the following: (1) entry of a permanent injunction to prevent future acts of patent infringement, (2) a declaration that Defendant Lee willfully infringed Plaintiff's asserted patents and (3) an award of Plaintiff's attorney's fees and costs. (ECF 19 at 16-17).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the Clerk of Court enters a default, the plaintiff must petition the court to obtain a default judgment. Fed. R. Civ. P. 55(b)(2).

Any judgment without jurisdiction is void. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court therefore has an affirmative duty to ensure it has jurisdiction, both personal jurisdiction over the defaulted Defendant and subject-matter jurisdiction over the Plaintiff's action, before it considers whether default judgment should be entered. *Id*.

If jurisdiction exists, the Court has discretion on deciding default judgment. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (interpreting Rule 55 as giving the court, "considerable leeway" in setting requirements for default judgment). However, the Court may not differ in kind or exceed amount from the relief sought by the Plaintiff. Fed. R. Civ. Pro. 54(c).

The Ninth Circuit has adopted seven factors courts may consider when adjudicating a motion for default judgment:

> (1) the possibility of prejudice to the Plaintiff; (2) the merits of the Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## DISCUSSION

The Court addresses three issues when considering default judgment on the Defendant: (1) whether the Court has jurisdiction to enter default judgment, (2) whether the *Eitel* factors favor Plaintiff, and (3) whether Plaintiff has proven damages. *Id.*; Fed. R. Civ. P. 55. Each inquiry is addressed below.

**I.    The Court has Subject Matter Jurisdiction over Plaintiff's action and Personal Jurisdiction over the Defendant**

The Court's analysis of Plaintiff's motion begins with jurisdiction. *In re Tuli*, 172 F.3d at 712. Generally, jurisdictional allegations must be plausible. *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014). On a motion for default judgment, the court accepts the Plaintiff's allegations as true. *Televideo Video Sys., Inc.*, 826 F.2d at 917–18. In this case, the Court has subject-matter jurisdiction over Plaintiff's action and personal jurisdiction over Defendant Lee.

A. The Court has Subject Matter Jurisdiction because the action arises under the Patent Act

The Court has original jurisdiction over all civil actions arising under federal law. 28 U.S.C. § 1331. District Courts also have jurisdiction over "any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C § 1338(a). Because

Plaintiff claims Defendant violated the Patent Act under 35 U.S.C.S. § 271, the Court has subject matter jurisdiction over this case. *Id*; (ECF No. 1 at 3).

B. <u>The Court has Personal Jurisdiction over Defendant Lee because he was Served while Physically Present in the state of Nevada.</u>

A federal district court may only exercise personal jurisdiction over a Defendant in accordance with due process. *Sec. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted). If the Defendant is a non-resident individual, due process requires that Defendant had notice that he could be subject to suit in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Defendants have notice if they are served while physically present in the forum state. *Burnham v. Superior Court of Cal., Cty. of Marin*, 495 U.S. 604, 619 (1990). The Defendant must also be duly served under Federal Rule of Civil Procedure Rule 4.

Here, the Court has personal jurisdiction over Defendant because Lee was served while physically present in the state of Nevada. (ECF No. 8). On May 10, 2018, Plaintiff's investigator personally served Defendant with a copy of the Complaint and Summons in accordance with Rule 4(e)(2)(A). (ECF No. 8). Because Defendant Lee had notice and was properly served, the Court has personal jurisdiction over him.

**II.    <u>The *Eitel* Factors Favor Default Judgment</u>**

Although the Court has discretion in setting requirements for default judgment, it follows the guidelines set by the Ninth Circuit, specifically the seven factors offered for consideration in *Eitel*. 782 F.2d at 1471–72; *See TeleVideo Sys., Inc.* 826 F.2d 915.

A. <u>Prejudice to Plaintiff</u>

The first factor is the possibility of prejudice to the plaintiff. *Eitel*, 782 F.2d at 1471–72. Defendant was properly served in this action and is therefore aware of its infringing conduct. (ECF No. 8). Defendant has not answered or otherwise defended against Plaintiff's claims and the clerk entered a default. (ECF

No. 11). Defendant's failure to answer or defend against Plaintiff's claims is prejudicial to Plaintiff, because Plaintiff's claims cannot otherwise be resolved on the merits absent Defendant's participation. Plaintiff will effectively be denied relief if not granted a default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

In this case, Plaintiff has shown that it has suffered and will continue to suffer loss of goodwill and business. (ECF No. 19 at 14-15). Plaintiff alleges that Defendant deliberately infringed two of Plaintiff's patents and will continue to do so without an injunction. (*Id.* at 10-11). Since Defendant has failed to appear in this case, Plaintiff has no means to recover absent default judgment.

B. Merits of the Plaintiff's Substantive Claim and Sufficiency of the Complaint

The second and third *Eitel* factors consider whether Plaintiff's substantive claim has merit and whether the complaint is sufficient. 782 F.2d at 1471–72. A complaint is sufficient when it states a claim upon which relief can be granted. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Relief can be granted for a claim if it contains sufficient facts that, when accepted as true, make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Plaintiff brings a claim of patent infringement under the Patent Act. (ECF No. 1 at 2). Under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Here, Plaintiff alleges that Defendant Lee sold and distributed "slavish copies," of Plaintiff's patented product, the Universal Pistol Magazine Loader and Unloader ("UpLULA"), to distributors who then sold the infringing product online in the United States. (ECF No. 1 at 5-13). Plaintiff makes numerous comparisons between UpLULA's two patents and features of the Accused Products and provides email records of an online transaction between Plaintiff and

Defendant, showing that Defendant Lee was engaged in online sales of the accused product. (*Id.* at 6-13, 56-73). These allegations, if taken as true, make a sufficient claim that Defendant Lee sold and distributed identical copies of Plaintiff's patented product in violation of the Patent Act. Because the Court accepts these allegations as true, *Televideo Video Sys., Inc.*, 826 F.2d at 917-918, Plaintiff has plausibly alleged that Defendant has violated federal law and Plaintiff was harmed as a result.

### C. The Sum of Money at Stake in the Action

The fourth factor considers "the amount of money at stake in relation to the seriousness of [the] Defendants' conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006).

In its motion for default judgment, Plaintiff seeks injunctive relief along with attorney's fees and costs. (ECF No. 19 at 14-17). Plaintiff is not seeking compensatory or punitive damages. (*Id.*). The sum of money at stake is not out of proportion to the seriousness of Defendant Lee's conduct in this case.

### D. Possibility of a dispute concerning material facts

The fifth *Eitel* factor considers the possibility of a dispute regarding material facts. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages.")

Given the sufficiency of Plaintiff's complaint in alleging the facts necessary to establish its claims for relief, and Defendant's subsequent failure to answer, no dispute has been raised regarding material elements in the complaint. It is unlikely any such dispute will arise.

    E.  <u>Whether Default Was Due to Excusable Neglect and the Strong Policy Favoring Decisions on the Merits</u>

The sixth and seventh *Eitel* factors favor entering default judgment in this case. The sixth factor considers whether the Defendant's default was the product of excusable neglect. *Eitel*, 782 F.2d at 1471-72. This factor favors default judgment when the Defendant has been properly served. *Landstar Range, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 922 (C.D. Cal. 2010). Plaintiff properly served Defendant. (ECF No. 8). There is no evidence before the Court that Defendant's failure to respond is due to excusable neglect.

The seventh factor considers the strong policy under Federal Rule of Civil Procedure 55 that cases should be decided on their merits whenever possible. <u>*Eitel*</u>, 728 F.2d at 1472; *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. However, the "mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177 (citation omitted). Where a defendant fails to respond to a complaint, a judgment on the merits is "impractical, if not impossible." *Id.* The sixth and seventh *Eitel* factors weigh in favor of an entry of default judgment. Therefore, Plaintiff's motion for default judgment should be granted.

**III.**    <u>**Remedies Requested by Plaintiff**</u>

    A.  <u>Injunctive Relief</u>

Next, the Court considers whether it should grant Plaintiff a permanent injunction against Defendant Lee. The Patent Act vests the district court with the ability to grant injunctions for patent infringement, "in accordance with the principles of equity." 35 U.S.C.S. § 283.

To show that a permanent injunction is equitable, Plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant,

7

a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The facts set forth in the complaint show that Plaintiff has suffered and will continue to suffer a loss of business and goodwill and reputation absent permanent injunctive relief. (ECF No. 19 at 14-16). *See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("[I]ntangible injuries, such as damage to…goodwill, qualify as irreparable harm."); *MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007) ("Harm to business goodwill and reputation is unquantifiable and considered irreparable.").

Several district courts have granted injunctions in the default judgment context by accepting as true the facts alleged in Plaintiff's complaints, including facts establishing irreparable injury. *See, e.g.,; Innovative Office Prods. v. Amazon.com, Inc., No. 10-4487, 2012 U.S. Dist. LEXIS 59090, at *15-17 (E.D. Pa. Apr. 26, 2012)* (granting permanent injunction because allegations in complaint must be accepted as true and established patent infringement and injury to plaintiff); *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("since, by defaulting, Defendant is deemed to have admitted the truth of Plaintiff's averments, the evidence before the Court established that Plaintiff will likely suffer great prejudice through the loss of sales and diminution of goodwill if default is not entered").

Also, the balance of hardships and public interest weighs in Plaintiff's favor. Plaintiff could suffer continuing loss of business and reputation if consumers attribute the product failures of Defendant's products to Plaintiff's UpLULA. (ECF No. 19 at 12). Without a permanent injunction, the Plaintiff will continue to suffer harm. *Id.* The public interest weighs in the Plaintiff's favor, because the public will not be deceived about the quality of Plaintiff's products. Therefore, a permanent injunction should be granted against the Defendant.

B. Monetary Damage

Plaintiff also seeks an award for attorney fees and costs. (ECF No. 19 at 1). The Court may award reasonable attorney's fees under the Patent Act under exceptional circumstances. 35 U.S.C.S. § 285. Courts have found that a case may be considered exceptional when the underlying infringement was willful or in cases of bad faith litigation. *Junker v. HDC Corp.*, No. C-07-05094 JCS, 2008 U.S. Dist. LEXIS 111104 at *13-14 (N.D. Cal. July 28, 2008). Here, Plaintiff alleges that Defendant's infringement of patents was willful. (ECF No. 19 at 8). Because Defendant defaulted, the Court accepts this fact as true. *See Phillip Morris USA, Inc.*, 219 F.R.D. at 499; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. In addition, a defendant's failure to appear before the Court may be considered bad faith litigation. *United States Philips Corp. v. KXD Tech., Inc.*, No. CV 05-8953 ER (PLAx), 2007 U.S. Dist. LEXIS 98908, at *13 (C.D. Cal. Sep. 17, 2007). Therefore, this case is considered exceptional.

Even if a case is exceptional, the Court will only award attorney fees and costs if the amount requested is reasonable. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages.")

For the Court to determine the reasonableness of fees and costs, Counsel must provide (1) contemporaneous billing records, (2) counsel's hourly rate, and (3) evidence that this rate is reasonable for an attorney of his or her skill and experience. *See Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154 (N.D. Cal. 2015). Plaintiff has submitted no such documentation. This Court cannot grant attorney's fees unless Plaintiff provides sufficient documentation for an award of attorney's costs and fees. *See id.*; See *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621-23 (9th Cir. 1993) (holding that a district court must provide a reasonable basis for its award of attorney's fees and cost based on documentation and evidence).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Renewed Motion for Default Judgment (EFC No. 19) be GRANTED IN PART AND DENIED IN PART.

IT IS RECOMMENDED that Plaintiffs request to be awarded attorneys costs and fees and cost of the suit be DENIED WITHOUT PREJUDICE unless Plaintiff provides sufficient documentation as discussed above.

IT IS FURTHER RECOMMENDED that FINAL JUDGMENT be entered against Defendant.

IT IS ORDERED that on or before June 27, 2019, Plaintiff file a proposed permanent injunction for consideration by the District Judge.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

//

//

//

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 13th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE