**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MAGLULA, LTD.,

        Plaintiff,

vs.

HANGZHOU GOODTOOLS CO., LTD., *et al.*,

        Defendants.

Case No.: 2:18-cv-00842-GMN-VCF

**ORDER**

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Cam Ferenbach, (ECF No. 21), which recommends that Plaintiff Maglula, Ltd.'s ("Plaintiff's") Renewed Motion for Default Judgment, (ECF No. 19), be granted in part and denied in part. Specifically, the R&R makes three recommendations: (1) the Court enter final judgment against Defendant Anthony Lee ("Defendant"); (2) the Court enter a permanent injunction that enjoins Defendant from infringing Plaintiff's patents; and (3) the Court deny Plaintiff's request for attorney fees. (R&R 10:1–8). Neither party objected to the R&R.

Regarding Plaintiff's request for attorney fees, Judge Ferenbach accepted Plaintiff's allegations of Defendant's willful infringement and bad faith litigation as true, but he concluded that the Court could not award fees and costs absent evidence that the request is reasonable. (*Id.* 9:12–15). To determine whether the request is reasonable the Court needs, "(1) contemporaneous billing records, (2) counsel's hourly rate, and (3) evidence that this rate is reasonable for an attorney of his or her skill and experience." (*Id.* 9:16–23). Accordingly, the R&R recommends denying Plaintiff's request for fees "unless Plaintiff provides sufficient documentation" for the Court to conclude that the request is reasonable. (*Id.* 10:3–5). Plaintiff did not file the requested documentation.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so, June 27, 2019, has passed. (R&R 10:10–19).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 21), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Default Judgment, (ECF No. 19), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's request that Default Judgment be entered against Defendant, (Ren. Mot. Default Judgment 10:9–14:14, ECF No. 19), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for a Permanent Injunction against Defendant's infringement of its patents, (Ren. Mot. Default Judgment 14:15–16:26, ECF No. 19), is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to the Court's Permanent Injunction, Defendant is enjoined from:

1) Mailing the QBLoader Pistol Magazine Loader & Unloader, or other similarly infringing product (collectively, "Infringing Products"), to the United States or importing Infringing Products into the United States;

2) Making, using, offering to sell, selling, or distributing Infringing Products in the United States, either directly or indirectly;

3) Assisting any other entities in making, using, ordering, purchasing, selling, offering for sale, or distributing Infringing Products in the United States or importing Infringing Products into the United States;

4) Advertising, offering for sale, or selling Infringing Products on Amazon.com, eBay.com, Walmart.com, Wish.com, Alibaba.com, and other websites that are directed toward U.S. customers;

5) Assisting any entities in advertising, offering for sale, or selling Infringing Products on Amazon.com, eBay.com, Walmart.com, Wish.com, Alibaba.com, and other websites that are directed toward U.S. customers; and

6) Advertising, showing, exhibiting, selling, or offering to sell Infringing Products in the United States, including at tradeshows.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees, (Ren. Mot. Default Judgment 3:10–11, 17:10–12, ECF No. 19), is **DENIED without prejudice**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __7__ day of October, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court